FILED

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

JUL 26 PM 12: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Nashville Division

|  |  |  |
|---|---|---|
| Vanessa DeVillez | ) | Case No. **03-22 0557** |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) | |
| -v- | ) | Jury Trial: _(check one)_ ☒ Yes ☐ No |
| | ) | |
| Dolgen Corp, LLC ("Dollar General") AND Doug Kays | ) | |
| _Defendant(s)_ | ) | |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Vanessa DeVillez |
| Street Address | PO Box 755 |
| City and County | Greenbrier    Robertson |
| State and Zip Code | TN 37073 |
| Telephone Number | 201-344-3759 |
| E-mail Address | vdevillez@att.net |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dolgen Corp, LLC ("Dollar General") |
| Job or Title *(if known)* | John Park, Waller, Attorney for Defendant |
| Street Address | 511 Union Street, Suite 2700/ PO Box 198966 |
| City and County | Nashville  Davidson |
| State and Zip Code | Tennessee  37219-8966 |
| Telephone Number | 615-850-8767 |
| E-mail Address *(if known)* | John.park@wallerlaw.com |

Defendant No. 2

| | |
|---|---|
| Name | Doug Kays |
| Job or Title *(if known)* | Sr. Director, Design & Store Development |
| Street Address | 100 Mission Ridge |
| City and County | Goodlettsville  Davidson |
| State and Zip Code | Tennessee 37072-2171 |
| Telephone Number | 615-855-4773 |
| E-mail Address *(if known)* | dkays@dollargeneral.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number

E-mail Address *(if known)*

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Dollar General |
| Street Address | 112 Longhollow Pike /or 100 Mission Ridge |
| City and County | Goodlettsville   Davidson |
| State and Zip Code | TN  37072 |
| Telephone Number | 615-855-4000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

     *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

     *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

     *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:

☐      Relevant state law *(specify, if known)*:

☐      Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☐ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts *(specify)*:     Gender/Sex, Age

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

Beginning on January 27, 2020 and culminating with my termimation on January 21, 2021

C.  I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race

☐ color

☒ gender/sex     Treated less favorably than & subjected to hostile & abusive treatment by several males & no action was taken to discipline them.

☐ religion

☐ national origin

☒ age *(year of birth)*     1959     *(only when asserting a claim of age discrimination.)*

☐ disability or perceived disability *(specify disability)*

E.  The facts of my case are as follows.  Attach additional pages if needed.

See Attached pages:  III. Statement of Claim.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Aug. 3, 2021- I reported my charges in March/April but due to backlog EEOC did not file until August.

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☒  issued a Notice of Right to Sue letter, which I received on *(date)*   4/28/2022   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. Back pay and front pay (includes bonus, raise, stock options through 2023;   $375,000
B. Compensatory damages; Loss of enjoyment of life, opportunity, mental anguish,
    undue stress, medical bills                                     $150,000
C. Consequential damages; Loss of reputation                 $100,000
D. Punitive damages; Wrongful termination during an unprecedented pandemic-
loss of health insurance & income causing anguish, pain & suffering..     $100,000
E. Interest, prejudgment and post judgment;          To be determined (TBD)
F. Costs of suit;                                             TBD
G. Attorneys fees;                                         TBD

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        7/26/2022

Signature of Plaintiff

Printed Name of Plaintiff     Vanessa DeVillez

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

### III Statement of Claim

Plaintiff Vanessa DeVillez, initiates this Complaint against Defendants Dolgen Corp, LLC ("Dollar General") and Doug Kays. A description of her claims include the following:

(1) Discrimination in the terms, conditions, and privileges of employment because of sex and/or age, and being discharged because of sex and/or age;

(2) Being subjected to a sex- and age-based hostile and abusive working environment that altered the conditions of Ms. DeVillez's employment and made it more difficult for her to perform her job; and

(3) Retaliation for opposing and reporting, orally and in writing, the sex and age discrimination and harassment to management, the company hotline, and Human Resources, and being discharged in retaliation for opposing and reporting the discrimination.

### E. Facts of my case

## PARTIES

1. Plaintiff Vanessa DeVillez is an individual residing in Greenbrier, Tennessee.

2. Defendant Dolgen Corp, LLC ("Dollar General") is an entity with an office in Goodlettsville, Tennessee.

3. Upon information and belief, Defendant Doug Kays is an individual residing in Hendersonville, Tennessee.

## FIRST CAUSE OF ACTION

**Discrimination in the terms, conditions, and privileges of employment because of gender/sex, and being discharged because of gender/sex in violation of**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e, *et seq*. ("Title VII"),**
**(Discriminatory Termination – Gender/Sex)**

4. Ms. DeVillez began working for Dollar General in January 2020 as the Sr. Energy and Building Systems department manager (commonly referred to as the "Energy Manager"). In her job, Ms. DeVillez's main responsibility was energy management which included procuring energy, identifying efficiency solutions, and to a lesser extent, managing operation of specific building systems. Ms. DeVillez was the supervisor of two direct reports (both male).

5. Ms. DeVillez's supervisor was Doug Kays, who manages the Design and Store Development

Group (within the Real Estate and Construction Department) that includes the Energy and Building Systems department that Ms. DeVillez was hired to manage. She was the only female manager who reported to Mr. Kays.

6. Ms. DeVillez was hired to replace the former Energy Manager, Eric Vines, who resigned prior to her start (to pursue a music career fulltime), was retained by Mr. Kays as a temporary worker and was supposed to depart two weeks after Ms. DeVillez started. However, he remained throughout her employment and was allowed to continue to function as the Energy Manager and interfere with her management of the department and relationship with Mr. Kays and one of her reports, Davis Greer, causing confusion and disruption. Of note, is that the Covid-19 pandemic started two months after Ms. DeVillez started the job, and Mr. Kays continued to retain Mr. Vines as his plan to depart Dollar General to pursue his music career was thwarted due to the pandemic.

7. Mr. Kays assigned Mr. Vines some of Ms. DeVillez's responsibilities without her knowledge and he subjected Ms. DeVillez to abusive and hostile behavior including usurping her authority in meetings and openly verbally assaulted her at meeting where she was the only female attendee. Ms. DeVillez complained about Mr. Vines' discriminatory behavior towards her to Mr. Kays and Human Resources (HR). No action was taken to discipline Mr. Vines, and Mr. Kays defended Mr. Vines.

8. Beginning on her first day, Ms. DeVillez was subjected to a hostile and abusive work environment by a Vice President, Anthony ("Tony") Suggs, (the second highest-ranking manager in the Real Estate and Construction Department), who responded to her in a threatening manner when she greeted him, refusing to speak to her. Ms. DeVillez shared her experience with several employees (female and male), and they all informed her without hesitation that Mr. Suggs does not like or value women.

9. Ms. DeVillez complained about Mr. Suggs' discriminatory behavior towards her to Mr. Kays and HR. No action was taken to discipline Mr. Suggs and his behavior continued.

2

10. Beginning on her first day, Ms. DeVillez was subjected to discriminatory and abusive behavior by a direct report, Mr. Greer. She was informed that he wanted her job before she was hired, but was deemed not ready for it (reportedly due to lack of experience and his discriminatory treatment of a female coworker). Ms. DeVillez complained to Mr. Kays about Mr. Greer's behavior towards her. Mr. Kays took no action to discipline Mr. Greer and prevented Ms. DeVillez from doing so.

11. Ms. DeVillez also reported to Mr. Kays her concerns that Mr. Greer listed several firms employing and/or having connections to his family members in a bid document (apparent conflict of interest), and her responsibility to act in a governance role over Mr. Greer and the Energy Department. Mr. Kays became enraged at Ms. DeVillez and yelled at her "I don't care" and continued to allow Mr. Greer and Mr. Vines to function in Ms. DeVillez's role.

12. Ms. DeVillez complained to HR about Mr. Kays' abusive and discriminatory behavior toward her (and potential unethical behavior) and his refusal to allow her to perform her job duties. No action was taken to discipline Mr. Kays.

13. Mr. Kays chose to continue to rely on Mr. Vines and Mr. Greer (despite having significantly less experience and qualifications than Ms. DeVillez) as his "Energy Team," and refused to acknowledge her as the current Energy Manager. He refused to honor his agreements with her, including preventing her from conducting the job that she was hired for but continued to honor those made with Mr. Vines and Mr. Greer. Mr. Kays discriminated against Ms. DeVillez based on her gender/sex.

14. On June 9, 2020, Mr. Greer's discriminatory behavior escalated toward Ms. DeVillez during a meeting with Mr. Kays when he targeted her with an abusive and hostile verbal assault. Mr. Kays scheduled the meeting due to continued interference by Mr. Vines with Ms. DeVillez's job. She hoped Mr. Kays would finally take action to discipline Mr. Greer after witnessing the

3

discriminatory behavior she previously complained to him about numerous times. Mr. Kays instead rewarded Mr. Greer's abusive behavior by assigning him Ms. DeVillez's energy management responsibilities and title as of July 15, thereby stripping her of her main job. Mr. Kays discriminated against her based on gender/sex, condoning abusive behavior toward her and preferring to keep his all-male energy team intact (one of whom was no longer an employee).

15. Ms. DeVillez requested Mr. Kays to restore her job, take disciplinary action against Mr. Greer due to his anger management issue and reports she received about his behavior, and complained of gender and age discrimination. Mr. Kays refused to restore her job, did not discipline Mr. Greer and continued his discriminatory behavior toward her.

16. In July 2020, Ms. DeVillez complained to Mr. Kays' supervisor, Dan Nieser, Sr. Vice President/Head of the Real Estate and Construction Department about discrimination based on gender/sex and age and requested her job to be restored. Mr. Nieser threatened Ms. DeVillez about making complaints about Mr. Kays, Mr. Greer, and Mr. Vines behavior, defended them and refused to restore her job. Mr. Nieser took no action to discipline them.

17. In July, Mr. Kays became aware of the value of an unprecedented energy savings option that Ms. DeVillez developed that was estimated to save the company $10 million dollars per year. He showed no interest in the option prior to learning of its potential value because it did not come from Mr. Greer or Mr. Vines. Kays informed Ms. DeVillez that he likely would involve them despite Ms. DeVillez's plea not to. By contrast, she was not allowed to have any involvement in her former energy duties after they were awarded to Mr. Greer and Mr. Vines, but he allowed them to continue to interfere with her job. Kays touted their ideas as "big ideas" while disparaging those of females, including an executive female. Kays discriminated against Ms. DeVillez based on gender/sex by dismissing her ideas, opinions and contributions in favor of those from less qualified males.

4

18. In July and early August 2020, Ms. DeVillez also complained to HR about Mr. Kays," Mr. Greer's, and Mr. Vines' continuing discriminatory behavior towards her and requested that her energy job be restored. No action was taken to discipline them or restore her job.

19. Ms. DeVillez contacted HR several times from July 15 to December to request the status of her complaints and request to restore her job, and was told they were "still investigating." During this time, Ms. DeVillez contacted a female company executive to discuss an unrelated topic and shared the details of her job change. Within one week, Ms. DeVillez was contacted by HR who requested her to attend a meeting on December 10, 2020, with Mr. Kays when she was notified that her energy job was restored.

20. In the December 10 meeting, Mr. Kays made promises to Ms. DeVillez that he would (finally) allow her to make decisions about management of the department and prevent Mr. Greer and Mr. Vines from interfering with her work. One of the decisions Mr. Kays promised her she could make was to overturn their decision made during her absence from the Energy Manager job to award a contract to a firm that that she would engage with daily. Mr. Kays barred her from participating in the decision when he reassigned her job to Mr. Greer (and Mr. Vines). They selected a firm that employed Mr. Greer's brother (as a contractor) and that Ms. DeVillez deemed the least qualified of all firms who bid for the contract. Less than one week after making the promise to Ms. DeVillez, Mr. Kays started to renege on his word as he typically did with her, but continued to honor his agreements with Mr. Greer (and Mr. Vines). Ms. DeVillez complained to HR that Mr. Kays was continuing his pattern of discrimination toward her. No action was taken to discipline Mr. Kays.

21. On January 21, 2021, Dollar General abruptly terminated Ms. DeVillez's employment.

22. By terminating Ms. DeVillez based on her gender/sex, Dollar General violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

23. Defendant's actions caused harm to Plaintiff including economic loss, damage to her reputation and career, emotional distress and other damages.

## SECOND CAUSE OF ACTION

**Discrimination in the terms, conditions, and privileges of employment because of age, and being discharged because of age in violation of**

**The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA")**
**(Discriminatory Termination – Age)**

24. Plaintiff incorporates the above paragraphs as though set forth in full herein.

25. By terminating Ms. DeVillez based on her age, Dollar General violated  The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA").

26.  Defendant's actions caused harm to Plaintiff including economic loss, damage to her reputation and career, emotional distress and other damages.

## THIRD CAUSE OF ACTION

**Retaliation for opposing and reporting, orally and in writing, the sex and age discrimination and harassment in violation of**

**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII")**
**(Retaliatory Termination)**

27. Plaintiff incorporates the above paragraphs as though set forth in full herein.

28. By retaliating against Ms. DeVillez because she complained about gender/sex and age discrimination against her, Dollar General violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

29. Defendant's actions caused harm to Plaintiff including economic loss, damage to her

6

reputation and career, emotional distress and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, for:

A. Back pay and front pay;

B. Compensatory damages;

C. Consequential damages;

D. Punitive damages;

E. Interest, prejudgment and post judgment;

F. Costs of suit;

G. Attorneys fees;

H. Equitable relief;

I. Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff is acting on her own behalf and is not represented by trial counsel at this time in the above matter.

## CERTIFICATION - NO OTHER ACTIONS

Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding.

Plaintiff further certifies that she has no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and that she is not aware of any other parties who should be joined in this action.

Vanessa DeVillez

Dated:  July 26, 2022

7