UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANESSA DEVILLEZ, <br><br> Plaintiff, <br><br> v. <br><br> DOLGEN CORP, LLC, et al., <br><br> Defendants. | Case No. 3:22-cv-00557 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

This employment discrimination action brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, arises out of pro se Plaintiff Vanessa DeVillez's employment at Dollar General's corporate office in Goodlettsville, Tennessee. (Doc. No. 1.) Defendant Doug Kays has filed a motion to dismiss DeVillez's claims against him (Doc. No. 10) and DeVillez has responded (Doc. No. 13). For the reasons that follow, the Magistrate Judge will recommend that Kays's motion be granted.

### I. Factual and Procedural Background[1]

DeVillez filed this action against Dolgen Corp, LLC (Dollar General) and Kays on July 26, 2022. (Doc. No. 1.) DeVillez alleges that, in January 2020, she started a new job at Dollar General as the Senior Energy and Building Systems Department Manager. (*Id.*) Kays, the manager

---

[1] The facts in this Report and Recommendation are taken from DeVillez's complaint (Doc. No. 1) and are presumed to be true for purposes of resolving Kays's motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

of the Design and Store Development Group, which includes the Energy and Building Systems department, was DeVillez's supervisor. (*Id.*) DeVillez states that, while working for Dollar General, she was "[t]reated less favorably than [and] subjected to hostile [and] abusive treatment by several males" including Kays. (*Id.* at PageID# 4.) DeVillez complained about the discriminatory behavior to multiple people, including Kays and the human resources department, but no one at Dollar General addressed the behavior or disciplined the individuals in question. (Doc. No. 1.) In January 2021, Dollar General terminated DeVillez's employment. (*Id.*) DeVillez states that the decision was based on her gender and age and was made in retaliation for her complaints about the discrimination she faced. (*Id.*) She seeks compensatory damages, punitive damages, and equitable relief. (*Id.*)

The Court issued summonses for both defendants. (Doc. Nos. 3, 5.) In its order referring the case to the Magistrate Judge, the Court notified DeVillez that she "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4" and directed her to the Court's online resources for pro se litigants. (Doc. No. 4, PageID# 26.) The Court warned DeVillez that "[f]ailure to timely complete service of process could result in dismissal of this action." (*Id.*)

On August 15, 2022, DeVillez filed what she described as an executed summons for Kays. (Doc. No. 7.) The summons is addressed to Doug Kays, Senior Director Design and Store Development, Dollar General, 100 Mission Ridge, Goodlettsville, Tennessee 37072, and is accompanied by a proof of service affidavit signed by DeVillez on July 27, 2022. (*Id.*) DeVillez's affidavit states that she "mailed the summons by certified mail/return receipt requested." (*Id.* at PageID# 33.) DeVillez included a certified mail receipt showing that, on July 29, 2022, an

individual named "Mary Davis" accepted delivery of a mailing addressed to "Doug Kays c/o Dollar General" at the same address that appears on the summons. (*Id.* at PageID# 34.)

On August 26, 2022, Kays filed a motion to dismiss DeVillez's claims against him. (Doc. No. 10.) Kays argues that DeVillez's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because DeVillez failed to serve him in compliance with Federal Rule of Civil Procedure 5. (Doc. No. 10-1.) Kays further argues that DeVillez's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because he cannot be held individually liable under Title VII or the ADEA. (*Id.*) DeVillez responded, stating that she "has no opposition" to Kays's motion to "dismiss the claims against him in his individual capacity" under Rule 12(b)(6) but that she "assume[s] . . . that Kays will continue to be named in the lawsuit as he was [her] supervisor and failed to address her complaints of discriminatory behavior and engaged in abusive, discriminatory and retaliatory behavior towards her."[2] (Doc. No. 13, PageID# 54.) DeVillez has not responded to Kays's arguments regarding service. Kays has not filed an optional reply.

**II.     Legal Standards**

    **A.     Adequacy of Service Under Federal Rule of Civil Procedure 4**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

---

[2]     Because DeVillez states both that she "has no opposition" to Kays's motion to dismiss and that she "assume[s]" Kays will "continue to be named in the lawsuit," the Court will not treat the motion to dismiss as unopposed and will consider its merits. (Doc. No. 13, PageID# 54.)

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or by the court on its own initiative. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)" by a "person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)–(2). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(l) requires that, "[u]nless service is

4

Case 3:22-cv-00557   Document 15   Filed 01/19/23   Page 4 of 10 PageID #: 60

waived, proof of service must be made to the court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, at *5 (M.D. Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

### C. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

5

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because DeVillez appears pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

#### A. Dismissal Under Rule 12(b)(5) for Insufficient Service of Process

Kays argues that the Court should dismiss DeVillez's claims against him under Rule 12(b)(5) for insufficient service of process because DeVillez "mailed the [c]omplaint and [s]ummons only to his business address, and failed to serve him in person or by mail to his home address as required by Fed[eral] R[ule of] Civ[il] P[rocedure] 5(b)(2)." (Doc. No. 10-1, PageID# 48, ¶ 2.) Kays's reliance on Rule 5 is incorrect. Rule 5 governs the service of "all papers and pleadings *subsequent* to the service of the summons and the original complaint." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1141 (4th ed. updated Apr. 2022) (emphasis added). "Service of the summons and the original complaint itself is governed by

Rule 4." *Id.*; *see also* Fed. R. Civ. P. 4(e) (articulating requirements for serving summonses and complaints on individuals within judicial districts of the United States).

When a party cites a rule in error, the court may nonetheless consider the motion under the correct rule if the party substantively invokes the correct rule's standard. *See, e.g., Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 935–936 (N.D. Iowa 2014) (analyzing motion to dismiss under Rule 12(b)(6) instead of Rule 12(b)(1) when party cited Rule 12(b)(1) but substance of argument relied on Rule 12(b)(6) standard); *In re Teligent Servs., Inc.*, 324 B.R. 467, 471 n.2 (Bankr. S.D.N.Y. 2005) (analyzing motion to dismiss under Rule 12(b)(5) rather than Rule 12(b)(4) cited by party when substance of motion addressed Rule 12(b)(5) and the error did not result in prejudice to the plaintiff), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007); *Swanson v. Van Otterloo*, 177 F.R.D. 645, 647 (N.D. Iowa 1998) (considering appeal of magistrate judge's ruling under Rule 72 even though "defendants . . . cited [Rule 74] as the basis for their appeal"). Here, although Kays states that DeVillez's service attempts were insufficient under Rule 5, he brings his motion under Rule 12(b)(5) and his arguments invoke the substance of Rule 4. The Court will therefore consider Kays's citation of Rule 5 to be a harmless error.

Rule 4(e) provides that service of an individual in a United States judicial district may be accomplished in one of two ways. First, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Because this Court is located in Tennessee and DeVillez attempted to serve Kays at a Tennessee address, she could accomplish service by complying with Tennessee law.

> Tennessee Rule of Civil Procedure 4.04(1) provides that an individual may be served
>
> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies

7

Case 3:22-cv-00557   Document 15   Filed 01/19/23   Page 7 of 10 PageID #: 63

thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Tennessee law also authorizes service of process by certified mail under certain circumstances. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by mail is only complete "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

DeVillez has offered no proof that she effected personal service on Kays. DeVillez has also not shown that she effected service by certified mail in compliance with Tennessee law. The record reflects that DeVillez attempted service on Kays by certified mail addressed to his office. (Doc. No. 7.) However, the certified mail return receipt DeVillez filed is signed by an individual named "Mary Davis[,]" not by Kays. (*Id.* at PageID# 34.) There is no indication that Mary Davis is "an agent authorized by appointment or by law to receive service on behalf of" Kays. Tenn. R. Civ. P. 4.04(1). Thus, DeVillez did not properly serve Kays under Tennessee law.

DeVillez could also properly serve Kays by following the procedures set out in the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(e)(2) states that service may be accomplished by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Rule 4(e)(2) does not contemplate service by mail. *See, e.g.*, *Ingram Barge Co. v. Musgrove*, No. 3:17-cv-01526, 2019 WL 1226818, at *5 (M.D. Tenn. Mar. 8, 2019) (collecting cases for the proposition that, "unless state law provides otherwise, Rule 4(e) does not authorize service by mail"), *report and recommendation adopted*, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). Again, DeVillez has not offered any proof that she personally served Kays. Thus, she has not perfected service under federal law.

### B. Dismissal Under Rule 12(b)(6) for Failure to State Claims On Which Relief Can Be Granted

Even if the Court were to find that Kays had improperly invoked Rule 5 instead of Rule 4 in his argument for dismissal under Rule 12(b)(5) and that dismissal under that rule was not proper, Kays has also moved for dismissal under Rule 12(b)(6). Kays argues under Rule 12(b)(6) that the Court must dismiss DeVillez's claims against him for failure to state a claim because Kays was not DeVillez's employer and therefore cannot be held liable under Title VII or the ADEA. (Doc. No. 10-1.)

Title VII prohibits employers from discriminating against their employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. The ADEA prohibits employers from discriminating against their employees on the basis of age. 29 U.S.C. § 623(a)(1). Individuals who are not considered employers under the relevant statutory definitions—including individual supervisors—cannot be personally liable for violations of either statute. *See Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (holding that "[a]n individual cannot be held personally liable for violations of Title VII"); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6, 405 (6th Cir. 1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII" and that the ADEA is "essentially the same" as Title VII with respect to this issue); *Liggins v. Ohio*, No. 99-3535, 2000 WL 178420,

9

Case 3:22-cv-00557    Document 15    Filed 01/19/23    Page 9 of 10 PageID #: 65

at *2 (6th Cir. Feb. 8, 2000) (affirming dismissal of plaintiff's Title VII and ADEA claims against individual defendants because they were not employers under those statutes). "Instead, the discriminatory actions of a supervisor may be attributable to the employer itself, against whom liability under the statutory schemes is expressly authorized." *English v. Advance Auto Parts Store #3200*, No. 3:20-cv-00959, 2021 WL 3088260, at *3 (M.D. Tenn. July 22, 2021).

Kays was DeVillez's supervisor when she worked at Dollar General. (Doc. No. 1.) As a supervisor—and not an employer—Kays cannot be held personally liable for discrimination under Title VII or the ADEA. Thus, DeVillez's claims against Kays are subject to dismissal for failure to state a claim on which relief may be granted under Rule 12(b)(6).

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Kays's motion to dismiss (Doc. No. 10) be GRANTED and that DeVillez's claims against Kays be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of January, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge