# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VANESSA DEVILLEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOLGEN CORP., LLC, ) <br> ) <br> Defendant. ) <br> ) | NO. 3:22-cv-00557 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for summary judgment (Doc. No. 43), which is fully briefed. (*See* Doc. Nos. 46-49). The Magistrate Judge filed a Report and Recommendation (Doc. No. 50) recommending that Defendant's motion be granted. Plaintiff timely filed objections, arguing she has produced sufficient evidence to survive Defendant's motion. (Doc. No. 51). The Court has reviewed the entire record in this matter and for the reasons discussed below, Defendant's motion for summary judgment (Doc. No. 43) is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, a woman over the age of 60, filed this action against her former employer, Defendant Dolgen Corp., LLC ("Dollar General"), on July 26, 2022, claiming it discriminated against her because of her sex and age, subjected her to a sex and age based hostile work environment, and retaliated against her for engaging in protected conduct, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §§ 2000e–2(a)(1), 3(a), and the Age

---

[1] At this stage, the Court construes the factual record in the light most favorable to Plaintiff, the nonmoving party. *C.S. v. McCrumb*, 135 F.4th 1056, 1060 (6th Cir. 2025). The factual background in this Memorandum is not a complete statement of the material facts in this case but rather includes the facts necessary for the Court's analysis and resolution of the pending motion.

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). Dollar General hired Plaintiff as an Energy and Building Systems Senior Manager in January 2020 and terminated her employment in January 2021. Plaintiff was the only female manager at her office, and this is a sex and age discrimination and retaliation case arising from her one year of employment for Dollar General at its office in Goodlettsville, Tennessee.

Plaintiff claims that her male supervisor, two young male subordinates, and other males at work subjected her to a sex and age-based hostile and abusive work environment that altered the conditions of her employment as the Senior Energy and Building Systems Department Manager, making it difficult to perform her job and ultimately resulting in her termination. Plaintiff also claims that her male supervisor retaliated against her for opposing and reporting, orally and in writing, the sex and age discrimination to management, the company hotline, and HR by reassigning her core job responsibilities to her significantly less experienced and younger male direct report and by terminating her employment.

Dollar General did not file any motions for dismissal under Rule 12 of the Federal Rules of Civil Procedure. Rather, on October 17, 2023, Dollar General filed a motion for summary judgment that did not address DeVillez's hostile work environment claim. (Doc. No. 19). On August 27, 2024, the Court denied that motion without prejudice to refiling as a full motion for summary judgment. (Doc. No. 40). Dollar General filed the pending motion for summary judgment on October 1, 2024. (Doc. No. 43).

The Court notes that Plaintiff has filed a significant amount of evidence in support of her claims that could be admissible at trial including: ten recordings of meetings (7+ hours of recordings), including key meetings she had with Human Resources and her male supervisor as well as her termination itself, emails, written complaints to HR, her job description, a highly

detailed chronological timeline of events and correlating communications, text messages, LinkedIn profiles of the male Dollar General employees at issue, written correspondence from Dollar General to the EEOC regarding her termination, and more. The most significant source of evidence is Plaintiff herself, who can testify at trial to her experience, personal interactions, and observations, including statements from her former subordinates, co-workers, supervisor, and other employees of Dollar General. *See Smith v. P.A.M. Transp., Inc.*, -- F.4th --, 2025 WL 2726723, at *9 n.9 (6th Cir. Sept. 25, 2025) (recognizing that co-worker statements to Plaintiffs pertaining to their own employment "likely constitute admissible non-hearsay under Federal Rule of Evidence 801(d)(2)(D), which excludes from hearsay statements offered against an opposing party 'made by the party's … employee on a matter within the scope of that relationship and while it existed.'"). Plaintiff has also identified various employees of Dollar General who could provide admissible testimony at trial about their own relevant experiences, personal interactions, and observations. *See id*. at *9.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

3

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

As an initial matter, Dollar General's present motion appears to be nothing more than a repackaged iteration of its prior partial motion for summary judgment, as it is devoid of any substantive argument for dismissal of Plaintiff's hostile work environment claim. The motion therefore fails to comply with the Court's prior Order and could be denied on this basis alone. However, the motion also fails on the merits because Dollar General fails to show Plaintiff lacks evidence for her claims, the absence of disputes of material fact, or that it is entitled to judgment as a matter of law. The motion is also appropriately denied because its arguments misrepresent the proof in the record and are premised on a view of the facts in the light most favorable to itself.

In sum, Defendant's motion is without merit and a drain on this Court's already limited judicial resources. Nevertheless, the Court will address the parties' evidence and arguments to provide clarity ahead of trial.

## A. Discrimination Claims

### 1. Discriminatory Discharge

Title VII prohibits an employer from "discriminat[ing] against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The ADEA prohibits employers discriminating against individuals "because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of discrimination under Title VII and the ADEA,[2] a plaintiff must show: (1) they are a member of a protected group; (2) they were subjected to an adverse employment decision; (3) they were qualified for the position; and (4) they were replaced by someone outside of the protected class or similarly situated non-protected employees were treated more favorably. *See Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 326 (6th Cir. 2021).

As noted above, Dollar General, as the party bringing the summary judgment motion, has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). Dollar General may satisfy its burden by presenting affirmative evidence that negates an element of the Plaintiff's discrimination claims or by demonstrating an absence of evidence to support her case. *See id.* In its motion for summary judgment, Dollar General attempts to show an absence of evidence as to the second element of the *prima facie* case and as to pretext.

#### a. Adverse Employment Decision

Dollar General argues that reassigning Plaintiff's energy management responsibilities to her younger, less experienced, male direct report and the corresponding removal of "energy" from

---

[2] "Generally, discrimination claims brought under Title VII and the ADEA are analyzed under the same framework." *Deleon v. Kalamazoo Cty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014).

her job title is not evidence of an adverse employment decision because her pay stayed the same. This is incorrect as a matter of law because adverse employment actions include any "'disadvantageous' change in an employment term or condition." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Terms or conditions "is not used 'in the narrow contractual sense'; it covers more than the 'economic or tangible.'" *Id.* (quoting *Oncale*, 523 U.S. at 78). Thus, the lack of change in Plaintiff's pay does not show that she did not suffer an adverse employment decision. Dollar General's argument also fails to demonstrate Plaintiff lacks evidence of an adverse employment decision because it ignores her termination. Viewing the facts in the light most favorable to Plaintiff as the nonmoving party, Dollar General has failed to show that she lacks proof of an adverse employment decision or the absence of material disputes of fact in connection with her *prima facie* Title VII and ADEA discrimination cases.

      b. Pretext

Despite Dollar General's failed challenge to Plaintiff's proof of her *prima facie* case, if it can "clearly set forth, through the introduction of admissible evidence," a legitimate, nondiscriminatory reason for its employment decision, then the burden shifts back to Plaintiff to show pretext. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). It fails to do so. Instead, it points to evidence that merely chronicles events before her termination. (Doc. No. 44 at 20 (citing Kays Declaration, Doc. No. 22 ¶ 11)). Dollar General has not directed the Court to any evidence that clearly states *why* it terminated Plaintiff's employment. To the extent Dollar General asks the Court to infer its reason from Kays' declaration, the Court cannot so do here where Dollar General is the moving party. Viewing the facts in the light most favorable to Plaintiff as the nonmoving party and drawing reasonable inferences in her favor, Dollar General's

6

Case 3:22-cv-00557    Document 55    Filed 09/29/25    Page 6 of 11 PageID #: 618

evidence does not "clearly set forth" a reason for its termination of Plaintiff's employment. Accordingly, the Court finds that Dollar General has failed to meet its burden at step two of the *McDonnell Douglas* framework. Thus, the Court need not reach pretext.

However, even if the Court did reach pretext, summary judgment would still be inappropriate because Plaintiff has submitted evidence of Dollar General's shifting reasons for her termination that creates a genuine issue of material fact. *See Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 592 (6th Cir. 2002) ("Shifting justifications over time calls the credibility of those justifications into question."); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext."). Specifically, Plaintiff has produced a recording of her termination meeting in which an HR representative tells her she "was no longer capable of working for Dollar General;" Dollar General's separation notice filed with the Department of Labor identifying "Inappropriate Conduct" as the circumstances of the separation; and Dollar General correspondence to the U.S. Equal Employment Opportunity Commission ("EEOC"), dated December 22, 2021, stating that her "employment was terminated only after she refused to perform her job duties[.]" (Doc. Nos. 34, 35-21; 35-4). Plaintiff has also shown that she could produce evidence that would show Dollar General's purported reasons for her termination have no basis in fact, including that she was never reprimanded or put on a performance review plan, did not act in an unprofessional manner, or refuse to perform her job duties. Accordingly, summary judgment is inappropriate on Plaintiff's sex and age discrimination claims.

2. Hostile Work Environment

In general, to prevail on a hostile work environment claim, a plaintiff must show that (1) they belonged to a protected group, (2) they were subject to unwelcome harassment, (3) the

harassment was based on their membership in the protected group, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) there is a basis for liability on the part of the employer. *See Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021); *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009). "In the case of a harassing supervisor, the employer is vicariously liable for the hostile work environment." *Doe v. City of Detroit, Michigan*, 3 F.4th 294, 301 (6th Cir. 2021). "If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 412 (6th Cir. 2021) (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013)). To show employer liability in the case of a harassing co-worker, an employee "must show that the employer knew or should have known of the conduct and failed to take prompt and appropriate corrective action." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 307 (6th Cir. 2016); *Schlosser v. VRHabilis, LLC*, 113 F.4th 674, 690-91 (6th Cir. 2024) (same). "The appropriate corrective response will vary according to the severity and persistence of the alleged harassment." *Doe*, 3 F.4th at 301 (citation omitted).

Whether harassing conduct is severe or pervasive is "quintessentially a question of fact." *Schlosser*, 113 F.4th at 687. Courts "must consider the totality of the circumstances in determining whether the harassment was sufficiently severe and pervasive." *Strickland v. City of Detroit*, 995 F.3d 495, 506 (6th Cir. 2021) ("The harassing conduct cannot be viewed in isolation."). Factors relevant to this analysis include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Courts may also consider conduct and/or comments which disparage or single out members of a protected class of which the plaintiff is a member, even if the conduct and/or

comments were directed at someone other than the plaintiff, because such evidence is relevant to whether a work environment was objectively hostile. *See Strickland*, 995 F.3d at 506; *Jackson v. Quanex Corp.*, 191 F.3d 647, 660-61 (6th Cir. 1999). Facially neutral incidents may be considered in the hostile work environment analysis when there is some circumstantial or other basis for inferring that incidents neutral on their face were in fact discriminatory. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 815 (6th Cir. 2013).

Through its pending motion for summary judgment, Dollar General argues Plaintiff's hostile work environment claim should be dismissed for failure to state a claim. (*See* Doc. No. 44 at 23-25 ("…her allegations do not support an actionable claim as a matter of law" and "None of what Plaintiff alleges can be reasonably construed as 'frequent,' severe, physically threatening, or objectively humiliating.")). However, motions for summary judgment test the sufficiency of a plaintiff's proof for trial not the sufficiency of the allegations in the complaint, which here was filed more than three years ago. "It is the defendant's burden at the summary judgment stage to make an initial showing that the plaintiff lacks evidence for a claim." *Barrios v. Elmore*, 430 F. Supp. 3d 250, 263 (W.D. Ky. 2020) (citation omitted). "Only when the defendant has made such a [showing] does the burden then shift to the plaintiff." *Id*. Here, Dollar General's failure to properly raise an argument in its summary judgment motion relieves Plaintiff of the burden of coming forward with specific facts to support her hostile work environment claim. *See id*. (citing *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 725-26 (6th Cir. 2000)). Accordingly, summary judgment will not be granted as to Plaintiff's hostile work environment claim.

Even if Dollar General had effectively moved for summary judgment on this claim, summary judgment would still be inappropriate because Plaintiff has shown that she could produce admissible evidence at trial showing that her younger male subordinates, male supervisor, and

9

other higher ranking male employees would regularly refuse to acknowledge her, get angry and yell at her, give her hostile looks, and dismiss her ideas and/or pass them off as their own. Plaintiff has shown that she has evidence that none of her younger male colleagues were subjected to the same hostile and demeaning treatment by each other or their supervisors. Plaintiff has shown that she has evidence that, roughly two months into her employment, she informed HR she was considering resigning because she had serious concerns about what she perceived to be a discriminatory culture, but the HR employee asked her not to. She has also shown that she could produce evidence at trial showing that her male supervisor, Kays, knew that one of her male direct reports, Greer, had a history of behavioral issues relating to his discriminatory treatment of females at work. Plaintiff has shown she could put on proof at trial that she witnessed her male supervisor discount the contribution of a female executive and extol the virtues of only male employees.

Plaintiff has also shown that she could produce evidence of her male supervisor defending her male subordinates' hostility and insubordinate behavior in response to Plaintiff's complaints and accusing her of refusing to cooperate rather than taking any action to support her. Further, it is undisputed that Plaintiff's male supervisor reassigned her core job responsibilities to her significantly younger, less experienced, male, and hostile direct report for half the duration of her employment – and did so after Plaintiff specifically requested that he be reassigned to a different team due to his hostility and insubordination. She also has evidence showing that her full job duties were not restored until after she raised the issue to a female executive, which was after her male supervisor and his male supervisor had already refused to do so for six months. Plaintiff has also shown that she could present testimony from at least one other female coworker who also experienced and perceived the Dollar General work environment as "the good ole boys club."

Viewing the facts in the light most favorable to Plaintiff and drawing reasonable inferences in her favor, a reasonable jury could conclude that Dollar General subjected Plaintiff to a sex and age-based hostile work environment that resulted in a tangible employment action. *See Smith v. P.A.M. Transp., Inc.*, -- F.4th --, 2025 WL 2726723 (6th Cir. Sept. 25, 2025).

### B. Title VII Retaliation

Title VII retaliation claims are decided under the familiar *McDonnell/Douglas* burden shifting framework whereby a plaintiff must first establish a prima facie case of retaliation by showing that (1) she engaged in protected activity; (2) the employer knew of the protected activity; and (3) the employer took an adverse employment action against her because of her protected activity. *Huang v. Ohio State Univ.*, 116 F.4th 541, 561 (6th Cir. 2024) (citing *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021)). An adverse employment action includes any conduct "that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Wyatt*, 999 F.3d at 419. To the extent Dollar General argues Plaintiff lacks evidence of causation, the chronological occurrence of events and the temporal proximity between Plaintiff's protected conduct – complaining of hostile work environment, discrimination, and retaliation – and her termination a month later easily satisfies the "not onerous" burden of showing causation for her *prima facie* case. *See George v. Youngstown State Univ.*, 966 F.3d 446, 460 (6th Cir. 2020). And the Court has already determined there is a material dispute of fact as to pretext.

### IV. CONCLUSION

For the reasons stated, Defendant's motion (Doc. No. 43) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE